*451
 
 Marshall, C. J.
 

 This cause invokes the original jurisdiction of this court to obtain a writ of prohibition restraining the common pleas judge of Washington county from further proceeding in a cause pending in that court.
 

 That cause was filed December 5, 1928, by John H. Smith and Howard P. McFarlan against the relator in this cause, Walter D. Thomas, and the petition in that cause alleged that the plaintiffs and the defendant were partners in the ownership of a certificate of public convenience and necessity for the operation of a certain motor transportation, and that the certificate was held in the name of the defendant, Walter D. Thomas, and plaintiffs claimed that it was held in trust for the use of plaintiffs and defendant, and asked that the court determine the relative rights and interests of the parties in said certificate and of the property which was being used in carrying on the business of motor transportation. It was further claimed that the defendant Thomas was ignoring the rights of the plaintiffs, and was fraudulently seeking to exclude plaintiffs from ownership in the assets and participation in the profits. Plaintiffs sought a decree finding a joint ownership of the certificate and of the property used by the utility and to have the property sold for distribution among the parties entitled thereto. Plaintiffs also sought a receivership pending the final determination of the cause.
 

 The petition in prohibition filed in this court attaches the petition filed in the Washington county court, and makes the same a part of the petition in this court, and alleges that an injunction order was issued by the court of common pleas, though
 
 *452
 
 the exact character of the injunction order is not stated. The petition further alleges that a demurrer to the petition in that court was overruled, and that on June 12,1929, relator secured an order from the Public Utilities Commission authorizing a change of the equipment then used in the transportation service, but that the court of common pleas refused to modify the injunction order so as to permit the order for change of equipment to be put into effect. The petition challenges the jurisdiction of the common pleas court, on the theory that it is an interference with the power and authority lodged in the Public Utilities Commission to supervise and regulate motor transportation. The defendant has filed an answer in this court, which alleges, among other things, that the motion for modification of the injunction order has never been heard in that court, but that a time was set for hearing the same, that the hearing was continued at relator’s request, and that no further effort has been made to have the same heard and decided. The answer raises an issue on the question of the court’s jurisdiction; that being the only question before this court for determination. No reply has been filed to that answer, and the case is before this court upon a demurrer to the answer. We will dispose of the case upon the well-known principle that a demurrer searches the record.
 

 The petition in the common pleas court invokes the general jurisdiction of that court to determine the status of an alleged partnership, and the relative rights of the parties growing out of such partnership, if any, and whether or not the defendant in that case, the relator in the instant case, holds prop
 
 *453
 
 erty in trust for the benefit of the plaintiffs in that case. It does not seek to have the judge of the court of common pleas supervise or regulate the operation of the utility. The jurisdiction of the Public Utilities Commission is clearly defined, and need not be misunderstood. Its jurisdiction is that of supervising and regulating public utility service outside of municipalities. It has no jurisdiction beyond that which has been conferred upon it by legislation. The Constitution of Ohio places limitations upon the extent of the jurisdiction which could be conferred upon that body by law. Its functions are legislative and administrative, and in no sense judicial. It cannot exercise such equity powers as would be necessary to be exercised in determining whether or not a partnership existed between the plaintiffs and defendant in the case in the court of common pleas, neither could it determine the relative rights of the parties growing out of a partnership agreement. It could not determine whether or not the relator in this case, the defendant in the common pleas court, holds property in trust for the use and benefit of others. Smith and McParlan make such claims against Thomas, and have a constitutional right to have the validity or invalidity of those claims determined in a court of competent jurisdiction. The common pleas court of Washington county is such a court. The petition for the writ of prohibition is designed to determine solely a question of jurisdiction.
 

 The principal complaint of relator in the instant case is that he is subject to an injunction order which he is unable to have modified. The answer denies this allegation, and states that the hearing upon
 
 *454
 
 the motion for modification was continued at his request. The demurrer to the answer admits this well-pleaded allegation. There should be no difficulty in having a prompt hearing and decision of the issues in the common pleas court, and a determination of those issues should determine all questions and controversies between the parties.
 

 Counsel for relator have cited the former decisions of this court declaring that a certificate of convenience and necessity is a license, revocable for good cause, and does not confer a property right. This court adheres to that doctrine, but it has no application to this case. It is true that such a certificate does not confer a property right, but it does not follow that a certificate has no value. Neither does it follow from the fact that a certificate is only a license that the property used in rendering public utility service under such a certificate is not subject to the general jurisdiction of the court of common pleas in determining the respective rights of parties claiming under such a certificate.
 

 It is asserted, however, that, if a receiver is appointed, such receiver could not operate the utility. We find no authority for this assertion. It is true that Section 614-87, General Code, as originally enacted, did not authorize the Utilities Commission to grant a certificate to a receiver. It does not follow that, if a court appoints a receiver of a person, corporation, or firm which is operating a motor transportation service, the certificate would be
 
 ipso facto
 
 revoked. It could not be revoked except for good cause shown. The mere fact of insolvency would not necessarily be such cause, though circumstances might be conceivable which would justify
 
 *455
 
 the commission in revoking the certificate. Any order made by the commission in that regard would have to be reasonable and lawful.
 

 The suit was filed in the court of common pleas December 5, 1928. The amendment to Section 614-87a, General Code, was enacted subsequent to the filing of that suit, to wit, April, 1929, and became effective July 23, 1929. The amendment expressly authorizes a receiver to operate under a certificate of convenience and necessity. It is true that statutes enacted after a suit is begun will not affect such pending actions, and it is equally true that Section 26 of the General Code of Ohio provides that remedial legislation shall not affect pending actions, unless so expressed in the act itself. Above statute and the amendment thereto do not in any wise affect the jurisdiction of the court of common pleas. That court had power to appoint receivers, both before and after the amendment, and entirely independently of the motor transportation legislation. If the court of common pleas should appoint a receiver, the Utilities Commission might or might not revoke a certificate in the hands of a receiver, but such revocation would have to be grounded upon good cause, other than the mere fact of receivership. The court of common pleas of Washington county is not usurping the jurisdiction of the Public Utilities Commission, and the writ of prohibition will be denied.
 

 Writ denied.
 

 Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.