Weygandt, C. J.
 

 Tbe controlling question in this case is the validity of Sule 18 of tbe Commission’s Administrative Order No. 116 which reads as follows: “No motor transportation company or other common carrier may secure a private motor carrier permit.”
 

 Tbe company contends that this rule is unauthorized by statute and is violative of Section 1 of tbe Fourteenth Amendment to tbe Constitution of tbe United States, Article I, Section 10 of tbe Constitution of tbe United States, and Article I, Section 19 of tbe Constitution of Ohio.
 

 This court has frequently held that tbe powers possessed by Tbe Public Utilities Commission of Ohio are conferred by statute.
 
 State, ex rel. Thomas,
 
 v.
 
 Thomas, Judge,
 
 121 Ohio St., 450, 169 N. E., 454. It is sufficient to notice tbe following provisions:
 

 Section 614-86, General Code: “* * * The commission, in tbe exercise of tbe jurisdiction conferred upon it by this chapter, shall have tbe power and authority to prescribe rules and regulations affecting such motor transportation companies
 
 *
 
 *
 

 Section 614-105, General Code: “Tbe Public Utili
 
 *371
 
 ties Commission of Ohio is hereby vested with power and authority to supervise and regulate each such private motor carrier in this state; * * * to prescribe reasonable rules and regulations for the administration and enforcement of the provisions of this act; * * V’
 

 Section 614-109, General Code: “Before granting any permit authorizing the operation of a private motor carrier, the commission shall consider and determine whether such applicant has complied with the provisions of the law and the rules and regulations of the commission governing private motor carriers, and whether or not the operation proposed by the applicant comes within the definition of a private motor carrier, and also whether or not such proposed operation comes within the definition of a motor transportation company as provided in General Code Section 614-84. If the applicant has complied with the provisions of law and the rules and regulations of the commission governing private motor carriers, and the commission finds the proposed operation of the applicant to be that of a private motor carrier, and if the commission is of the opinion that the applicant is a proper person to whom to grant a permit, then a permit shall be granted forthwith to such applicant by the commission as a matter of right. Should the commission find that the proposed operation of the applicant is that of a moto'r transportation company as defined under General Code Section 614-84, it shall forthwith dismiss such application and refuse a permit, and shall make such further order as it may deem proper upon the facts presented.”
 

 From the foregoing language the rule-making power of the Commission seems too clear for cavil. Qf course, such rules must bear the test of reasonableness. Is Rule 18 unreasonable? Were this court to so hold, or if each transportation company were permitted to ambidextrously separate its business said
 
 *372
 
 theoretically operate both as a common and as a private carrier, there would seem to be little possibility of effectuating the regulation the Legislature intended to provide.
 

 The court is likewise of the opinion that the constitutionality of the rule'is not subject to serious question.
 

 Consistent with the foregoing views the finding and order of The Public Utilities Commission must he affirmed.
 

 Order affirmed.
 

 Stephenson, Jones, Matthias, Bevis, Zimmerman and Wilkin, JJ., concur.