By the Court.
 

 Adhering’
 
 to
 
 former pronouncements, this court in the first paragraph of the syllabus in
 
 Village of New Bremen
 
 v.
 
 Public Utilities Commission,
 
 103 Ohio St., 23, 132 N. E., 162, declared: “The Public Utilities Commission is an administrative board and has only such authority as the statute creating it has conferred.”
 

 
 *60
 
 Section 501-2, General Code, so far as applicable in this controversy, reads:
 

 “No railroad as defined in Section 501 of the General Code, operating any railroad in the state of Ohio, and no public utility as defined in Section 611-2® of the General Code furnishing service or facilities' within the state of Ohio, shall abandon or be required to abandon or withdraw any
 
 main track or tracks
 
 or depot
 
 of a railroad
 
 or main pipe line, gas line, telegraph line or telephone toll line, electric light line, water line or steam pipe line,
 
 or any portion thereof,
 
 pumping station, generating plant, power station, or service station of a public utility, or the service rendered thereby, which has once been laid, constructed, opened and used for public business, nor shall be closed for traffic or service thereon, therein or thereover except as provided in Section 501-3. * * *” (Italics ours.)
 

 Section 501-3, General Code, reads:
 

 “Any such railroad or any political subdivision desiring to abandon, close, or have abandoned, withdrawn or closed for traffic or service all or any part of such
 
 main track or tracks,
 
 or depot, and any such public utility, or political subdivision desiring to abandon or close, or have abandoned, withdrawn or closed for traffic or service all
 
 or any part of such line or lines,
 
 pumping station, generating plant, power station or service station, shall first make application to the Public Utilities Commission in writing who shall thereupon cause reasonable notice thereof to be given, stating the time and place fixed by the commission for the hearing of said application. Upon the hearing of said application said commission shall ascertain the facts, and make its finding thereon, and if such facts satisfy the commission that the proposed abandonment, withdrawal or closing for traffic or service is reasonable, having due regard for the welfare of the public and the cost of operating the service or facility, they may allow the same; otherwise it shall be denied, or if the
 
 *61
 
 facts warrant, the application may be granted in a modified form. * * *” (Italics onrs.)
 

 It will be observed from the foregoing recital as to the original application filed with the Public Utilities Commission, the city first believed the property to be “a spur track,” later sought information as to the designation used by the railroad, and finally referred to it as “a portion of the track,” but continuously asserted it was used for a limited purpose.
 

 The principal argument advanced by counsel in this review revolves around whether in Sections 504-2 and 504-3, General Code, the designation of “main” modifies only “track,” whether the words “or any portion thereof” in Section 504-2 modifies “of a railroad,” and as to what the words “any part of such line or lines” in Section 504-3, General Code, modify.
 

 In a ease where the decision of this court depends upon the interpretation of a statute, the ultimate inquiry necessarily must be to ascertain the legislative intent. To determine such intent the court may look to the journals of the Legislature and will give effect to any manifest intent as to meaning which may appear therein.
 
 Caldwell
 
 v.
 
 State,
 
 115 Ohio St., 458, 466, 154 N. E., 792;
 
 State, ex rel. Peters,
 
 v.
 
 McCollister,
 
 11 Ohio, 46, 56;
 
 State, ex rel. Construction Co.,
 
 v.
 
 Rabbitts,
 
 46 Ohio (St., 178, 19 N. E., 437;
 
 State, ex rel. Davis,
 
 v.
 
 Hildebrant,
 
 94 Ohio St., 154, 164, 144 N. E., 55; 37 Ohio Jurisprudence, 702, Section 393; 59 Corpus Juris, 701, Section 393.
 

 An examination of the journal of the Ohio Senate furnishes conclusive proof of legislative intent in this instance. Section 1 of Senate Bill No. 176, as originally introduced in the regular session of the Eighty-second General Assembly in 1917, read:
 

 “No railroad as defined in Section 501 of the General Code, operating any railroad in the state of Ohio, shall abandon
 
 the same
 
 or any portion thereof,
 
 nor shall it abandon any side track, spur, other track,
 
 or
 
 *62
 
 depot which has once been laid, opened and used for public business, nor shall be closed for traffic thereon except as provided in Section 2 *
 
 *
 
 (Italics ours.)
 

 Section 2 of that bill read:
 

 “Any such company desiring to abandon or close for traffic any part of its line,
 
 side track, spurs or other track
 
 or depot, shall first make application to the Public Utilities Commission * * *.” (Italics ours.)
 

 By amendment from the floor of the Senate', the words “the same” in Section 1 were deleted and the words “any main track or tracks” were inserted in lieu thereof, and the words “nor shall it abandon any side track, spur, other track” were also deleted.
 

 In Section 2 of the bill the words “side track, spurs or other track” were deleted, and the words “main track or tracks ’ ’ were inserted in lieu thereof.
 

 Our conclusion is that by deleting the words “side track, spurs or other track” the Legislature intended the Public Utilities Commission to have jurisdiction over “main track or tracks” and not over spur tracks. It therefore follows that the Public Utilities Commission was correct in refusing to assume jurisdiction in this proceeding and its order must be affirmed.
 

 Order affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.