Weygandt, C. J.
 

 Although four applications are mentioned herein, the sole question presented to
 
 *605
 
 this court for final determination at this time is whether under the circumstances the Public Utilities Commission possessed the jurisdiction to consider and grant the joint application to substitute the successor company for its predecessor as the applicant for the amended certificate.
 

 Counsel agree that the Public Utilities Commission is a creature of statute and that its jurisdiction with reference to common carriers by motor vehicle is fixed by Section 614-84
 
 et seq.,
 
 General Code.
 
 City of Cincinnati
 
 v.
 
 Public Utilities Commission,
 
 96 Ohio St., 270, 117 N. E., 381.
 

 The appellant relies on the provisions of Section 614-91, General Code, which read in part as follows:
 

 “The applicant for a certificate, or for an amendment of route thereunder, when intrastate operations are proposed, shall give notice of the filing of such application by publication made once a week for three consecutive weeks prior to the day set for hearing thereof, in a newspaper of general circulation published at the county seat of the county in Ohio in which the principal place of business of the applicant is located, or if no place of business of the applicant is . located in Ohio, then in a newspaper of general circulation published at the county seat of Franklin county.” ^
 

 The appellant emphasizes the facts that the Ohio Coach Lines, Inc., was the original applicant in this" proceeding, that it is an Ohio corporation, that its principal place of business is in Ironton, Lawrence county, Ohio, that the filing of the application .was advertised in Lawrence county alone, that the Ohio River Bus Company is a West Virginia corporation, that it is authorized to transact business in the state of Ohio, that its principal place of buiness is in Columbus, Franklin county, that the application to amend
 
 *606
 
 the certificate was not filed by it, that it advertised no such application in any newspaper, and that it relies entirely on the application and advertising of the Ohio Coach Lines, Inc.
 

 The appellant insists that unless the successor company itself files an application to amend the certificate of public convenience and necessity and advertises such filing in a newspaper in Franklin county where its principal place of business is located, the Public Utilities Commission will be without jurisdiction to substitute the successor company as the applicant and amend the certificate in its behalf. Incidentally, the appellant concedes that the notice of the filing of the application to transfer the certificates of public convenience and necessity from the original to the successor company was duly published by the original company in an Ironton newspaper and by the successor company in a Columbus newspaper.
 

 The appellee relies on the following provisions which also constitute part of Section 614-91, General Code:
 

 “The commission may permit the correction, amendment, modification or alteration of any such application at or before the hearing thereon when, in its opinion, the application and notice are in substantial compliance with the law. Otherwise, it shall direct the filing of a new application or the giving of a new notice, or both.”
 

 In its finding the commission succinctly summarized the facts and applied these statutory provisions thereto in the following statement:
 

 “The record discloses that there were no protestants to this transfer. The record further discloses that there was no change in ownership between Ohio Coach Lines, Inc., and Ohio River Bus Company, that the new company, to wit, the Ohio River Bus Company, has the same stockholders, the same board of directors, the same officers as Ohio Coach Lines, Inc.;
 
 *607
 
 that they are operating under the same certificates and propose to operate over the same route and through the same territory as covered by the original application herein filed before the' commission by Ohio Coach Lines, Inc., in this cause.
 

 ‘ ‘ The commission further finds—
 

 ‘ ‘ That the original application to amend said certificate along with all formal requirements were in order; that the greater portion of the proposed route is located in territory not now being presently served by any carrier; that Valley Greyhound Lines, Inc., a protestant, is a regular route operator over a portion of the route applied for and has been duly served with notice of the .pending application, and further the record discloses that counsel for said protestant has appeared and actively participated in all proceedings 'herein.
 

 “The commission further finds—
 

 “That the granting of the joint application for substitution of parties. herein requested is in the public interest; that there has been .a substantial compliance with the law and that the protestant, Valley Greyhound Lines, Inc., has in no way been prejudiced. ’ ’
 

 This court is of the view that the Public Utilities Commission was not in error in holding that under these circumstances there was a substantial compliance with the statutory requirements. Hence, the commission was not without jurisdiction to consider and grant the joint application for a substitution of the successor company, as the real party in interest,' for its predecessor.
 

 Order
 
 affirmed..
 

 Turnee, Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.