HANSEN, APPELLEE, *v.* STATE PERSONNEL BOARD OF REVIEW
ET AL., APPELLANTS.

[Cite as Hansen v. State Personnel Bd. of Review (1977),
51 Ohio App. 2d 7.]

**8**

*Mr. Daniel O'Loughlin,* for appellee.
*Messrs. Bavis & Bavis,* for appellants.

JACKSON, J. On December 13, 1974, defendant-appellant Craig Stevens (hereafter Stevens) was removed from his position of Housekeeper II at Cleveland State University. Stevens was removed for "repeated neglect of duty" by plaintiff-appellee Gordon L. Hansen, Appointing Officer, Cleveland State University (hereafter the Appointing Authority). Stevens had been found asleep three times during his assigned shift on the night of July 11, 1974, and the early morning of July 12, 1974. Stevens had received prior suspensions for misconduct in January, March, April, May, June and July, 1974.

Stevens appealed this removal order to the State Personnel Board of Review, a defendant-appellant herein (hereafter the State Personnel Board).* On February 3, 1975, the State Personnel Board dismissed the removal order "for the reason that too long a time elapsed between the date of the offenses and the date of the removal order."

The Appointing Authority appealed the dismissal of the removal order by the State Personnel Board to the Court of Common Pleas of Cuyahoga County. The Court of

---

*The State Personnel Board was named as a defendant-appellant in this appeal and was served with a copy of the notice of appeal. Appellant Craig Stevens filed a motion in this court for the appointment of counsel to represent the State Personnel Board on appeal. The State Personnel Board was served with a copy of the motion. The Motion to Appoint Counsel for the State Personnel Board was overruled. The State Personnel Board did not submit a brief or retain counsel to represent it as an appellant on this appeal.

Common Pleas reversed the decision of the State Personnel Board and remanded it for a hearing under R. C. 119.12.

On June 27, 1975, the State Personnel Board again dismissed the removal order. The State Personnel Board's order contains the following: ·

"This record clearly indicates that Mr. Stevens had been given a 30 day suspension on July 22, 1974, which is after the July 12 incident charged in the removal order. This Board has consistently held that a suspension of an employee includes all breaches of duty up to and including the date of the last suspension, and that an appointing authority cannot go back and use an incident which preceded the suspension as a ground for removal."

"The previous suspensions of the appellant in-indicates [sic] that Mr. Stevens is not a satisfactory employee. However, the procedure followed in this case by the appointing authority leaves us no alternative but to disaffirm the order of removal."

The Appointing Authority appealed the June 27, 1975, dismissal of the removal order by the State Personnel Board to the Court of Common Pleas of Cuyahoga County. The Court of Common Pleas reversed the order of the State Personnel Board.

Appellant Stevens has filed a timely notice of appeal from the judgment of the Court of Common Pleas. A single error is assigned:

"The State Personnel Board of Review has the authority pursuant to R. C. 124.03 and R. C. 124.34 to hold that a suspension of an employee by an appointing authority includes all breaches of duty up to and including the date of said suspension, and that an appointing authority cannot go back and use an incident which preceded said suspension as grounds for a subsequent removal order against the employee."

R. C. 124.34 provides in part that:

"In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the state personnel board of review or the commission to the court of

common pleas of the county in which the employee resides in accordance with the procedure provided by section 119.12 of the Revised Code.''

R. C. 119.12 refers in part to appeals from the Court of Common Pleas to the Court of Appeals.

''* * * Such appeal by the agency shall be taken on questions of law relating to the constitutionality, construction, or interpretation of statutes and rules and regulations of the agency and in such appeal the court may also review and determine the correctness of the judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record.''

Appellant Stevens on this appeal and the State Personnel Board, in its disaffirmance of the removal order, do not contend that a substantive basis does not exist for the removal order. In its order disaffirming the removal order of the appointing authority, the State Personnel Board, as heretofore indicated, held that: ''the procedure followed in this case by the appointing authority leaves us no alternative but to disaffirm the order of removal.'' Consequently, the sole question confronting this court is the validity of the procedural rule upon which the disaffirmance order of the State Personnel Board is based. To determine the validity of the rule, this court must construe R. C. 124.03, the pertinent parts of which provide:

''Powers and duties of state personnel board of review.

''The state personnel board of review shall exercise the following powers and perform the following duties of the department of administrative services:

''(A) *Hear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities* or the director of administrative services *relative to reduction in pay or position, job abolishments, layoff, suspension, discharge,* assignment or reassignment to a new or different position classication; *the board may affirm, disaffirm, or modify the decisions of the appointing authorities.* or the director of

administrative services, as the case may be, and its decision is final." (Emphasis added.) * * *·

"(F) *To adopt and promulgate rules in accordance with Chapter 119, of the Revised Code, relating to the procedure of the board in administering the laws which it has authority or duty to administer and for the purpose of invoking the jurisdiction of the board in hearing appeals of appointing authorities and employees in matters set forth in division (A) and (B) of this section * * *.*" (Emphasis added.)

The procedure for adoption of an agency rule is set forth in R. C. 119.03. Included in the required procedure are reasonable public notice containing a synopsis of the proposed rule and the opportunity to be heard at a public hearing. Also, pursuant to R. C. 119.03(E), "Prior to the effective date * * * the agency shall make reasonable effort to inform those affected" by the rule and "to have available for distribution to those requesting it the full text of the rule * * *."

Appellant Stevens conceded in his brief and on oral argument that the State Personnel Board did not comply with R. C. 119.03. R. C. 119.02, relating to compliance and validity of rules, provides that:

"Unless otherwise specifically provided by law, the failure of any agency to comply with such procedure shall *invalidate any rule* * * * adopted * * *." (Emphasis added.) *In re Appeal from Rules* (1963), 118 Ohio App. 407.

R. C. 124.03(A) grants adjudicatory power to the State Personnel Board. The essence of the argument advanced by appellant Stevens is that the State Personnel Board has implied power under R. C. 124.03(A) to make procedural rules, and that such rules need not comply with R. C. Chapter 119. We disagree. In R. C. 124.03(F), the legislature has specifically provided for the procedures required to enact valid rules for the State Personnel Board. R. C. 119.03 provides, among other things, for a public hearing in which the reasonableness of the rule may be questioned, and provides for notice to those affected by the rule prior to the effective date of the rule. A procedural

rule adopted by adjudication does not allow for a public hearing and does not require reasonable effort by the State Personnel Board to give notice to those affected. In the present case there is a substantial question, both as to notice of the promulgation of the rule to appointing authorities and as to the reasonableness of the procedural rule. This court cannot concede that the legislature intended to allow the State Personnel Board to adopt rules without compliance with the procedures required pursuant to statutory authority. R. C. Chapter 119. The court in *In re Application of Blue Cross* (1973), 40 Ohio App. 2d 285, held in paragraph 1 of the syllabus:

"Rule making by an administrative agency must be accomplished by the adoption of rules and regulations pursuant to statutory procedure and cannot be accomplished indirectly by adjudicatory determination."

The Ohio Supreme Court has spoken to the issue of the adjudicatory power of the State Civil Service Commission, the predecessor of the State Personnel Board of Review. In paragraph 1 of the Syllabus of *State, ex rel. Brittain, v. Bd. of Agri.* (1917), 95 Ohio St. 276, the court held:

"The state civil service commission in the hearing of an appeal from an order of removal of an employee, under the provisions of Section 486-17a, General Code (106 O. L., 412), is limited to a consideration and determination of the existence of the statutory ground or grounds upon which the order of removal was based by the appointing authority."

*Brittain* suggests that the adjudicatory power of the Civil Service Commission did not include procedural rule-making power.

Appellant Stevens contends:

"The mere fact that a formal list of rules has not been promulgated by the State Personnel Board of Review to guide it does not militate against it following consistent past reasonable practices, particularly when the Board's aim is to obtain quicker and less expensive justice with everything resolved at one time."

This contention by the appellants is incorrect where the alleged "consistent past reasonable practice" is considered by the board to be a procedural rule which was not promulgated in compliance with R. C. Chapter 119. The State Personnel Board, having been created by statute, possesses only such powers and duties as are conferred on it by the provisions of the enabling legislation. *State, ex rel. Funtash,* v. *Ind. Comm.* (1951), 154 Ohio St. 497; *Valley Greyhound Lines, Inc.,* v. *Pub. Util. Comm.* (1947), 148 Ohio St. 603; *Toledo* v. *Pub. Util. Comm.* (1939), 135 Ohio St. 57; *State, ex rel. Thomas,* v. *Thomas* (1929), 121 Ohio St. 450.

Further, the United States Supreme Court, referring to an analogous situation involving the impact of enabling legislation by the Congress on the power or authority of administrative agencies, has stated:

"* * * [T]he fact is that the Board is entirely a creature of the Congress and the determinative question is not what the Board thinks it should do, but what Congress has said it can do." *The Civil Aeronautics Bd.* v. *Delta Air Lines* (1961), 367 U. S. 316, 322.

The State Personnel Board did not comply with the provisions of R. C. Chapter 119, as mandated by R. C. 124.-03(F), in the adoption of the procedural rule at issue. The power of the State Personnel Board to adopt and promulgate rules relating to the procedure of the board in administering the laws which it has the authority or duty to administer is by statute expressly dependent upon compliance with provisions of R. C. Chapter 119.

The language of R. C. 119.02 specifically states that the failure of any agency to comply with the required procedure shall invalidate any rule adopted. Consequently, we are persuaded that the trial court correctly determined that the procedural rule at issue was invalid.

Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed.*

PARRINO, P. J., and KRUPANSKY, J., concur.