FAYETTE FIRE & SAFETY EQUIPMENT COMPANY, INC. et al., Appellants,

v.

HENNOSY, Fire Marshal, Ohio, Department of Commerce, Appellee;
Pipefitters Local Union 120, Intervenor–appellee.

[Cite as *Fayette Fire & Safety Equip. Co. v. Hennosy* (1989), 65 Ohio App.3d 10.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–80.

Decided Oct. 5, 1989.

---

*Carlile, Patchen, Murphy & Allison, Donald B. Leach, Jr.,* and *Jay F. McKirahan,* for appellants.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Sandra Becher,* for appellee.

*Sindell, Rubenstein, Einbund, Pavlik, Novak & Celebrezze* and *Frank D. Celebrezze,* for intervenor-appellee Pipefitters Local Union 120.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of the Fayette Fire & Safety Equipment Company, Inc. et al., appellants, from the decision and entry of the Franklin County Court of Common Pleas rendered in favor of

appellee, the Ohio Fire Marshal. On May 4, 1988, appellants filed a complaint against appellee in the Fayette County Court of Common Pleas. The complaint sought preliminary and permanent injunctions precluding enforcement of an amendment to Ohio Adm.Code 1301:7–5–06 ("amended rule") and a declaratory judgment that the amended rule was invalid because it had not been promulgated properly. At that time, a temporary restraining order was issued. On May 12, 1988, appellee filed a motion for a change of venue, and on May 17, 1988, the case was transferred to Franklin County. The temporary restraining order was extended and a date was set for a preliminary injunction hearing. Local 120 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada was granted leave to intervene as a party defendant.

The court declined to issue a preliminary injunction and the parties were directed to submit briefs on the issue of the rulemaking process followed by the fire marshal. On August 24, 1989, by agreement of the parties, the request for preliminary injunction was consolidated with the action on the merits and the case was submitted on the merits upon the evidence and briefs previously presented by the parties. On December 12, 1988, the court denied all relief requested and by entry dated December 15, 1988, the court found that the amended rule was properly enacted and would be given full force and effect as of that date. It is from the December 15, 1988 entry that appellants now appeal and assert the following assignments of error:

"1. The court erred in concluding that the amended rule was enacted and promulgated pursuant to law to consider and make appropriate findings as statutorily required.

"2. The court below erred in failing to grant the requested relief as the amended rule exceeds the fire marshal's rulemaking authority delegated by the General Assembly.

"3. The court below erred in concluding that the amended rule was enacted and promulgated pursuant to law as the fire marshal failed to comply with notice requirements."

 Appellants' third assignment of error will be addressed first. Appellants argue that the fire marshal did not comply with the notice requirements contained in both the Revised Code and the Administrative Code. Although appellants admit that the fire marshal technically complied with the notice requirements, appellants contend that technical compliance is not enough.

According to R.C. 3737.86(B), "[t]he fire marshal shall adopt rules in accordance with Chapter 119. of the Revised Code. * * *" R.C. 119.03

outlines the procedure for the adoption, amendment or rescission of rules. R.C. 119.03 provides, in pertinent part, as follows:

"In the adoption, amendment, or rescission of any rule, an agency shall comply with the following procedure:

"(A) Reasonable public notice shall be given at least thirty days prior to the date set for a hearing, in the manner and form and for the length of time as the agency determines and shall include:

"(1) A statement of the agency's intention to consider adopting, amending, or rescinding a rule;

"(2) A synopsis of the proposed rule, amendment, or rule to be rescinded or a general statement of the subject matter to which the proposed rule, amendment, or rescission relates;

"(3) A statement of the reason or purpose for adopting, amending, or rescinding the rule;

"(4) The date, time, and place of a hearing on the proposed action, which shall be not earlier than thirty nor later than fifty days after the proposed rule, amendment, or rescission is filed under division (B) of this section. In addition to public notice, the agency may give whatever other notice it considers necessary. Each agency shall adopt a rule setting forth in detail the method that the agency shall follow in giving public notice as to the adoption, amendment, or rescission of rules. The rule shall require the agency to provide the public notice required under division (A) of this section to any person who requests it and pays a reasonable fee, not to exceed the cost of copying and mailing. The methods used for notification may include, but are not limited to, mailing notices to all subscribers on a mailing list or mailing notices in addressed, stamped envelopes provided by the person requesting the notice."

Ohio Adm.Code 1301:7–3–05 details the " * * * method that the fire marshal shall follow in giving public notice as to the adoption, amendment, or rescission of rules * * * " required by R.C. 119.03 and 3737.85. Ohio Adm.Code 1301:7–3–05 provides as follows:

"Section FM–112.0.

"The procedure of the fire marshal for giving public notice for the adoption, amendment or rescission of the rules under Chapter 119. of the Revised Code shall be as follows:

"(A) FM–112.1. The fire marshal shall cause:

"(1) A statement of its intention to consider adopting, amending or rescinding a rule;

"(2) A synopsis of the proposed rule, amendment, or rule to be rescinded or a general statement of the subject matter to which the proposed rule, amendment, or rescission relates;

"(3) A statement of the reason or purpose for adopting, amending or rescinding the rule;

"(4) The date, time, and place of the public hearing on the proposed action, to be published in at least one newspaper of general circulation in Franklin county, Ohio, and in the fire marshal's newsletter or fire safety alert at least thirty days prior to the public hearing.

"(B) FM–112.2. The fire marshal shall be authorized to give additional notice of such public hearing as he deems necessary; *however, the giving of such additional notice shall not be mandatory and the failure to give notice by any means other than as specified in paragraph (A) above shall not in any way invalidate any action which may be taken by the fire marshal.*" (Emphasis added.)

Neither R.C. 119.03 nor Ohio Adm.Code 1301:7–3–05 requires that the fire marshal provide any notice in addition to the public notice outlined in the above statute. However, appellants assert that *Hansen v. State Personnel Bd. of Review* (1977), 51 Ohio App.2d 7, 5 O.O.3d 118, 364 N.E.2d 1386, decided by the Cuyahoga County Court of Appeals, requires that the fire marshal must do more to provide notice to interested parties than is detailed in the above provisions.

Review of the relevant portions of *Hansen* reveals that *Hansen* merely reiterates the requirements for notice set forth in R.C. 119.03 and states that an agency cannot avoid the notice requirements by instead adopting a rule pursuant to an adjudicatory process. Appellants contend that, in any event, the action taken by the fire marshal was not reasonably calculated to reach those people most affected by the amended rule.

The evidence demonstrates that the fire marshal met the public notice requirement by causing notice of the hearing to be published in the Columbus Dispatch. The fire marshal also published notice of the hearing in the Fire Marshal's Newsletter. According to the testimony of Billy J. Phillips, Chief of the Inspection Bureau for the Division of the State Fire Marshal's Office, this newsletter is sent to anyone who requests to be placed on the mailing list. This list includes many of the contractors who would be affected by the amended rule. Phillips testified further that, although a list is kept of those contractors with whom the state does business, notice of the hearing was not specifically sent to every name on this list.

Appellants contend that because the fire marshal did not use the above list of contractors to send notice of the hearing, the fire marshal has acted improperly. However, the record clearly demonstrates that the fire marshal did all that was required by law and more. In fact, R.C. 119.03(A)(4) specifically provides that the agency shall provide additional public notice " * * * to any person who requests it and pays a reasonable fee, not to exceed the cost of copying and mailing. * * * " The sending of the newsletter to those persons who subscribed to it meets the requirement of the statutes and the rule.

Accordingly, appellants' third assignment of error is not well taken and is overruled.

■ This court will now address appellants' first assignment of error. Appellants contend that the amended rule is invalid because the fire marshal did not consider and make appropriate findings required by R.C. 3737.86(B).

R.C. 3737.86(B) provides as follows, in pertinent part:

"The fire marshal shall adopt rules in accordance with Chapter 119. of the Revised Code. In adopting rules, the fire marshal shall consider and make appropriate findings with respect to the degree and nature of the risk of injury that the rule is designed to prevent or reduce, the approximate number of products or types or classes of products subject to the rule, the public need for the products involved, the probable effect of the rule on the utility, cost, or availability of such product, and any means of achieving the objective of the rule that will minimize adverse effects on competition or disruption or dislocation of manufacturing and other commercial practices. The minimum standards embodied in the rules shall be published in such a manner as to assure that all interested parties have a reasonable opportunity to be informed of the standards so established."

Appellants argue that the above statute requires that the fire marshal make formal, written findings of fact. In the present case, there were no formal or written findings of fact prepared by the fire marshal. Appellants cite cases dealing with an administrative agency's adjudicatory process and argue that, by analogy, the fire marshal should have made formal, written findings. However, the adjudication process is quasi-judicial in nature and differs significantly from the legislative function at issue in this case.

R.C. 3737.86(B) simply does not require that the fire marshal make formal, written findings concerning the factors listed in division (B). Instead, R.C. 3737.86(B) seems to require only that the fire marshal consider the five factors therein enumerated. There is nothing in the record to indicate that the fire marshal did not consider the factors listed in division (B). In fact, the

testimony of Billy J. Phillips, Chief of the Inspection Bureau for the Division of State Fire Marshal's Office, indicates that such factors were considered. In the absence of evidence to the contrary, this court cannot find that the trial court abused its discretion in finding that the amended rule was properly promulgated in this respect.

Accordingly, appellants' first assignment of error is not well taken and is overruled.

In the second assignment of error, appellants contend that the amended rule is invalid because it exceeds the fire marshal's rulemaking authority. Appellants argue that R.C. 3737.65 and 3737.83 do not authorize the fire marshal to require that all employees working on fire protection or fire fighting equipment be certified.

R.C. 3737.65(B) provides, in pertinent part, as follows:

"Except for public and private mobile fire trucks, no person shall service, test, repair, or install for profit any fire protection or fire fighting equipment without a certificate issued by the fire marshal."

R.C. 3737.83 provides in pertinent part, as follows:

"The fire marshal shall, as part of the state fire code, adopt rules to:
" * * *

"(B) Establish minimum standards of training, fix minimum qualifications, and require certificates for all persons who engage in the business for profit of installing, testing, repairing, or maintaining fire protection equipment[.]"

The above-quoted statutes invest the fire marshal with both the responsibility and the authority to adopt rules establishing minimum qualifications for all persons who install, test, repair, or maintain fire protection equipment. Upon review of the amendments to Ohio Adm.Code 1301:7-5-06, it is obvious that these "minimum qualifications" have changed. In previous years, noncertified persons were allowed to service, test, repair, and install fire protection or fire-fighting equipment provided that certain requirements were met. Basically, all work by non-certified persons had to be supervised by a certified employee who would be responsible for the quality of the work. At that time, this was the "minimum qualification" required. However, as the testimony of Billy J. Phillips reveals, the fire protection industry and equipment have become more complex. As problems were noticed in the field concerning the work product of noncertified persons, it became apparent that the previous "minimum qualifications" were no longer reasonable under the circumstances. Accordingly, the amended rule was promulgated in order to raise the required standard of training and raise the "minimum qualification" required for all

persons who service, test, repair and install fire protection on fire-fighting equipment.

The amended rule is within the authority granted by the Ohio Revised Code and the trial court correctly found the rule to be valid. Appellants' second assignment of error is not well taken and is overruled.

Based on the foregoing, appellants' assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and BOWMAN, JJ., concur.