### Gibson v. Limbach
[Cite as 8 AOA 627]

Case No. 89-T-4270
Trumbull County, (11th)
Decided November 16, 1990

Thomas C. B. Letson and Lynn B. Griffith III, 155 South Park Avenue, Warren, Ohio 44482, for Plaintiff-Appellant.

Anthony J. Celebreeze, Jr., Attorney General, James C. Sauer, Assistant Attorney General, 30 East Broad Street, 10th Floor, Columbus, Ohio 43215, for Defendant-Appellee.

CHRISTLEY, P.J.

This is an appeal from a decision of the Board of Tax Appeals, affirming the final order of appellee, Tax Commissioner. In rendering its decision, the board expressly relied upon certain stipulations of fact, which had been submitted by the parties. The following statement of facts is a synopsis of these stipulations and the remainder of the board transcript.

During the years of 1982 and 1983, appellant, John Gibson, was a shareholder in a number of Subchapter S corporations. In completing his federal income tax returns for each of these years, appellant indicated that he had received income from some of these corporations, while sustaining a loss as to others. Specifically, in 1982, appellant reported income totaling $19,878 and losses of $89,552. In 1983, the sums were $29,583 and $19,878, respectively.

For both of the years in question, appellant also filed individual income tax returns with the state of Ohio. In calculating his adjusted gross income on these returns, appellant excluded all of the income from the Subchapter S corporations which he had reported on his federal returns. Specifically, appellant excluded $19,878 in 1982 and $29,583 in 1983. These exclusions were made pursuant to the definition of adjusted gross income given in R.C. 5747.01(A).

Appellant's returns for both of these years were audited by the State Department of Taxation. Upon reviewing both returns, the department issued an assessment against appellant, on the grounds that he was only entitled to deduct the "net income" from the

corporations which had been included in his federal adjusted gross income. After appellant had filed a petition for reassessment, appellee issued her final order, affirming the assessment. Appellant then filed a notice of appeal with the board. It affirmed the order of appellee. In its decision, the board followed the same logic which had formed the basis of the department's assessment.

On appeal to this court, appellant has advanced the following assignment of error:

"The Ohio Board of Tax Appeals erred as a matter of law, to the prejudice of appellant John C. Gibson, in determining that income from Subchapter S Corporations may be excluded from Ohio taxable income only to the extent that such income exceeds losses from other Subchapter S Corporations, pursuant to R.C. 5747.01(A), for tax years 1982 and 1983."

The sole assignment in this appeal raises a question of statutory interpretation. Under this assignment, appellant contends that the board erred in holding that he had incorrectly calculated his adjusted gross income on his Ohio returns for both of the years at issue. Specifically, appellant argues that under the applicable statutory language, he was not required to subtract his losses from his gains in determining the amount of income from the Subchapter S corporations that he could exclude from his adjusted gross income. This argument is not well taken.

The term "adjusted gross income" is defined in R.C. 5747.01(A). The first part of this provision states that the term "means adjusted gross income as that term is defined and used in the Internal Revenue Code ***." The provision then proceeds to list various types of income which can be deducted from this figure. During the two years in question, the statute provided that the figure "excludes any amounts of income included in adjusted gross income by reason of Subchapter S, Chapter 1, Subtitle A of the Internal Revenue Code."

Focusing exclusively upon the phrase "any amounts of income," appellant maintains that this exclusion allows the taxpayer to deduct the *entire* amount of any income which he receives from one Subchapter S corporation, regardless of any loss he may have suffered as a shareholder in another Subchapter S corporation. In support of this position, appellant emphasizes that the statute does not state that the taxpayer can only exclude any amounts of "net income" which he receives from the corporations.

In response, appellee notes that the phrase "any amounts of income" is immediately followed by the phrase "included in adjusted gross income." Based upon this latter phrase, appellee contends that under this exclusion, the taxpayer could only deduct the income from a Subchapter S corporation which was included in his federal adjusted gross income. Stated differently, appellee asserts that the taxpayer could only deduct his "net income" from the corporations.

Research on this particular issue has failed to reveal any other guidance on point in this state, except for previous decisions by the Board of Tax Appeals. See, *e.g., Knoll v. Limbach* (Nov. 25, 1988), Board of Tax Appeal No. 86-F-984. Accordingly, this court's decision will turn solely upon its interpretation of the applicable statutory language. In making such a determination, we are guided by the general rules of statutory construction, to which both parties make reference.

The Ohio Supreme Court has held that the ultimate goal of statutory interpretation is to ascertain the intent of the legislature in enacting the statute. *Toledo v. Public Utilities Comm.* (1939), 135 Ohio St. 57. In doing so, a court "must first look to the language of the statute itself ***." *Provident Bank v. Wood* (1973), 36 Ohio St. 2d 101, 105. In relation to the interpretation of the specific language, R.C. 1.42 states that the words and phrases of a statute must be read in context and construed in accordance with their common usage.

Applying these rules to the applicable language in this case, this court finds that appellant was only permitted to deduct his "net income" from the Subchapter S Corporations. We do not perceive this statute to be ambiguous.

Apparently neither did appellant in 1982 and 1983 as the record before this court confirms, that in completing his federal returns for those years, appellant listed his income and losses from these corporations separately, and then subtracted the losses from the income. Thus, in calculating his federal adjusted gross income for these years, appellant only included his "net income" (if any) from the corporations.

Although the statute does not specifically refer to "net income," it clearly implies "net

income." Neither does it say that a taxpayer can exclude "any" income from a Subchapter S Corporation. Instead, the statute states that amounts of income must have been included in adjusted gross income. By including this latter phrase, the legislature clearly indicated that the taxpayer could only deduct the net amount included in his federal adjusted gross income.

Pursuant to this analysis, it follows that the Board of Tax Appeals did not err in affirming the final order of appellee.

The judgment of the Board of Tax Appeals is affirmed.

CACIOPPO, J., and PRYATEL, J., concur.

PRYATEL, J., Retired, Eighth Appellate District and CACIOPPO, J., Ninth Appellate District, sitting by assignment.