SINGH, APPELLANT, *v.* THE STATE OF OHIO, DEPARTMENT OF TRANSPORTATION, ET AL., APPELLEES.

(No. 82AP-300—Decided August 24, 1982.)

*Mr. Chris Rothermel,* for appellant.
*Mr. William J. Brown,* attorney general, *Mr. Donald J. Guittar, Mr. Michael H. Igoe, Mr. David H. Beaver* and *Mr. Halstead L. Stettler,* for appellees.

McCORMAC, J. On March 18, 1981, plaintiff-appellant, Gurjit Singh, filed what he termed an "Employment Appeal" with the State Personnel Board of Review ("board"). Appellant alleged that he is an employee of the Ohio Department of Transportation ("ODOT") and that he has been performing the duties of Project Engineer 4 since July 1979, but that the ODOT has refused to promote him to that position but, instead, has promoted Ralph Myers to the position without following civil service guidelines. Appellant requested the board to investigate the procedures used to promote Myers, to investigate the current duties performed by him, to conduct a *de novo* hearing, to determine whether appellant should have been promoted, to order appellant promoted, and to order the ODOT to follow state civil service rules in all future promotions. Appellant also requested backpay and attorney fees.

The "Employment Appeal" was sent to the ODOT as being an investigation request pursuant to R.C. 124.56. The Director of ODOT stated that appellant serves in the capacity and performs the duties of a Project Engineer 3 and that, when all qualified employees were considered, Myers, a properly qualified person, was recommended for promotion to Project Engineer 4.

Appellant took issue with the response of the Director of ODOT, claiming that some of the facts were inaccurate.

The hearing officer of the board recommended that the investigation be dismissed, stating that appellant's remedy was a job audit if he felt that he was performing duties higher than his classification. The board followed the recommendation and ordered that the investigation be dismissed.

An appeal was taken to the Court of Common Pleas of Franklin County, alleging that the decision of the board was against the weight of the evidence.

The court of common pleas dismissed the appeal on the basis that R.C. 124.56 does not give the board the power of investigation over an alleged abuse of pro-

motion and, thus, that there was no jurisdiction of the subject matter.

Singh has appealed, alleging that the court of common pleas erred in dismissing his appeal.

Appellant requested an investigation of the hiring and promotion practices of ODOT in relation to a promotion of Myers to Project Engineer 4 in lieu of appellant. The request for an investigation was made pursuant to R.C. 124.56, which provides, as pertinent, as follows:

"When the state personnel board of review * * * has reason to believe that any * * * head of a department, * * * having the power of appointment, layoff, suspension, or removal, has abused such power by making an appointment, layoff, reduction, suspension, or removal of an employee under his or their jurisdiction in violation of this chapter of the Revised Code, the board * * * shall make an investigation, and if it finds that a violation of this chapter, or the intent and spirit of this chapter has occurred, it shall make a report to the governor, * * * who may remove forthwith such guilty * * * head of department * * *. The * * * employee shall first be given an opportunity to be publicly heard in person or by counsel in his own defense. The action of removal by the governor, * * * is final except as otherwise provided in this chapter of the Revised Code."

R.C. 124.56 makes no provision for the rights of a complainant so far as an investigation for violation of R.C. Chapter 124 is concerned, or of the standing of a complainant for appeal in the event that he is dissatisfied with the results of the investigation. R.C. 124.56 provides for an investigation in the event the board has reason to believe that a head of a department has abused his power of appointment, layoff, reduction, suspension or removal of an employee under his jurisdiction.

Appellant cites no statutory provision for the right of appeal either to the board or to the Court of Common Pleas of Franklin County. R.C. 124.03 (A) provides that the board shall hear appeals of employees from final decisions of an appointing authority relative to reductions in pay or position, job abolishments, layoffs, suspensions, discharges and assignments or reassignments to a new or different position classification. There is no specific provision in R.C. Chapter 124 for an appeal of an investigation pursuant to R.C. 124.56. The investigation in this case resulted in no further action, order or removal.

R.C. 119.12 provides for an appeal to the court of common pleas by a party adversely affected by any order of an agency issued pursuant to any other adjudication. Appellant has no standing to appeal under this provision as he was not a party to the investigation pursuant to R.C. 124.56. R.C. 119.01 (G) defines a party as "the person whose interests are the subject of an adjudication by an agency." Appellant's interests were not adjudicated. Appellant thus has no standing to appeal the requested investigation regardless of whether it concerned a provisional appointment or a promotion.

Neither the board nor the court of common pleas had subject matter jurisdiction over the attempted appeal from the investigation. R.C. 124.56.

Appellant's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and REILLY, J., concur.