KETRON et al., Appellants,

v.

**OHIO DEPARTMENT OF TRANSPORTATION et al., Appellees.**

[Cite as *Ketron v. Ohio Dept. of Transp.* (1991), 61 Ohio App.3d 657.]

Court of Appeals of Ohio,
Franklin County.

Nos. 90AP–141, 90AP–142.

Decided Jan. 10, 1991.

*Peter A. Precario,* for appellants.

*Anthony J. Celebrezze, Jr.,* Attorney General, *G. Michael Payton* and *Ronald H. Snyder,* for appellees.

---

STRAUSBAUGH, Judge.

On August 19, 1988, appellant, Martin J. Grunder, filed what he designated as an "appeal" with the State Personnel Board of Review ("board"). On August 30, 1988, appellant, Gary M. Ketron, filed a similar appeal with the board. Both appellants sought to contest the decision of the appellee, Ohio Department of Transportation ("ODOT") to select James P. Wampler to fill a vacant position of testing engineer 2. Appellants alleged that, based upon seniority and work experience, they were more qualified for the position than the applicant selected.

The board subsequently mailed notices of appeal to ODOT containing the caption "Investigation." The board further sent letters to ODOT stating that an investigation request had been filed pursuant to R.C. 124.56 and requesting a response from ODOT concerning appellants' allegations. On September 1 and 16, 1988, ODOT filed motions to dismiss appellants' appeals, asserting that the board lacked subject-matter jurisdiction to investigate a denial of a promotion. ODOT supplemented its motions to dismiss with the affidavit of Toia A. Lee, a personnel administrator with ODOT. The affidavit of Lee averred that the vacant testing engineer 2 position was in a higher pay range than the positions held by Wampler and appellants at the time of their interviews, and was deemed to be a promotion for Wampler and appellants.

On October 12, 1988, a referee of the board issued a report and recommendation to the board. The referee recommended that appellants' appeals be dismissed based upon lack of subject-matter jurisdiction. Both appellants filed objections to the report, alleging that the hearing examiner erred in failing to conduct an evidentiary hearing. The board unanimously affirmed the recommendation of the referee and ordered termination of the investigations.

Appellants filed separate notices of appeal in the Franklin County Court of Common Pleas, alleging that the hearing officer's findings of fact were not supported by reliable, probative, and substantial evidence. By agreed entry, the trial court consolidated both actions.

The common pleas court affirmed the order of the board, holding that the board lacked subject-matter jurisdiction pursuant to R.C. 124.56 to entertain an appeal based upon an alleged abuse of power with respect to a promotion.

Accordingly, the trial court found that appellants had no standing to appeal the dismissal of their requested investigation of the denial of their promotions.

Appellants now appeal from the judgment of the trial court, setting forth the following two assignments of error for review by this court:

"I. It is error for the State of Ohio Personnel Board of Review to dismiss an appeal for lack of subject matter jurisdiction where the employee is in the classified civil service and files an appeal alleging that he or she has been improperly denied placement into another vacant position in the classified civil service.

"II. Decisions of the personnel board of review must be supported by substantial, reliable and probative evidence."

Under their first assignment of error, appellants assert that the board erred in dismissing appellants' appeals for lack of subject-matter jurisdiction. Initially, we note that appellants contend that the "appeals" they filed with the board did not request an investigation. Appellants maintain that the board improperly classified their appeals, treating appellants' letters to the board as requests for an investigation pursuant to R.C. 124.56. Appellants assert that they do not appeal from the denial of a request for an investigation, but rather appeal the denial of a promotion.

While the letters sent by appellants to the board do not specifically request an investigation, the board apparently construed the letters in that manner, assigning each case an investigation number. We note that the record of proceedings before the board does not indicate that appellants made any attempt to dispute the board's classification. Inasmuch as there is some ambiguity from the record, we will discuss whether the board or the court of common pleas had subject-matter jurisdiction to hear these appeals under either R.C. 124.56 or 124.03.

The jurisdiction of the board is derived from R.C. Chapter 124. The board " * * * having been created by statute, possesses only such powers and duties as are conferred on it by the provisions of the enabling legislation. * * * " *Hansen v. State Personnel Bd. of Review* (1977), 51 Ohio App.2d 7, 13, 5 O.O.3d 118, 122, 364 N.E.2d 1386, 1390.

The powers and duties of the board are set forth in R.C. 124.03, which provides, in relevant part:

"The state personnel board of review shall exercise the following powers and perform the following duties:

"(A) *Hear appeals, as provided by law,* of employees in the classified state service from final decisions of appointing authorities or the director of

administrative services *relative to reduction in pay or position, job abolish-ments, layoff, suspension, discharge, assignment or reassignment* to a new or different position classification, or refusal of the director, or anybody authorized to perform his functions, to reassign an employee to another classification or to reclassify his position pursuant to a job audit under division (E) of section 124.14 of the Revised Code.   * * * " (Emphasis added.)

R.C. 124.56 provides, in relevant part:

"When the state personnel board of review * * * has reason to believe that any officer, board, commission, head of a department, or person having the power of appointment, layoff, suspension, or removal, has abused such power by making an appointment, layoff, reduction, suspension, or removal of an employee under his or their jurisdiction in violation of this chapter of the Revised Code, the board * * * shall make an investigation, and if it finds that a violation of this chapter, or the intent and spirit of this chapter has occurred, it shall make a report to the governor * * * who may remove forthwith such guilty officer, board, commission, head of department, or person.   * * * "

The issue of whether a complainant may appeal to the board pursuant to R.C. 124.56 based upon complainant's request for an investigation concerning allegations of an abuse of promotion has been previously addressed by this court.   In *Singh v. State* (1982), 7 Ohio App.3d 269, 269–270, 7 OBR 349, 350–351, 455 N.E.2d 522, 523–524, the plaintiff requested an investigation by the board of the hiring and promotion practices of his employer, the Ohio Department of Transportation, regarding the promotion of another employee in lieu of the plaintiff.   Based upon the recommendation of a hearing officer of the board, the board ordered that the investigation be dismissed.   The plaintiff then appealed to the court of common pleas.   The court of common pleas dismissed the plaintiff's appeal on the basis that R.C. 124.56 did not provide the board the power of investigation over an alleged abuse of promotion.   The plaintiff subsequently appealed to this court.

In *Singh, supra,* this court held at 270, 7 OBR at 351, 455 N.E.2d at 523–524, that:

"R.C. 124.56 makes no provision for the rights of a complainant so far as an investigation for violation of R.C. Chapter 124 is concerned, or of the standing of a complainant for appeal in the event that he is dissatisfied with the results of the investigation.   R.C. 124.56 provides for an investigation in the event the board has reason to believe that a head of a department has abused his power of appointment, layoff, reduction, suspension or removal of an employee under his jurisdiction.

"Appellant cites no statutory provision for the right of appeal either to the board or to the Court of Common Pleas of Franklin County. R.C. 124.03(A) provides that the board shall hear appeals of employees from final decisions of an appointing authority relative to reductions in pay or position, job abolishments, layoffs, suspensions, discharges and assignments or reassignments to a new or different position classification. There is no specific provision in R.C. Chapter 124 for an appeal of an investigation pursuant to R.C. 124.56. The investigation in this case resulted in no further action, order or removal."

Pursuant to the holding in *Singh,* a complainant has no standing to appeal the results of a requested investigation for alleged abuse of promotion under R.C. 124.56.

█ Concerning the issue of whether appellants may appeal from the denial of a promotion, the plain language in R.C. 124.03(A) does not provide the board with the authority to hear such an appeal. The legislature did not include the term "promotion" in R.C. 124.03(A), and we decline to engage in judicial legislation by inserting the word "promotion" into the statute. We note that the Ohio General Assembly has explicitly included the term "promotion" in other provisions of R.C. Chapter 124, *e.g.,* R.C. 124.06, 124.11(B)(1), and 124.31(A) and (B), thereby evidencing a legislative intent under R.C. 124.03(A) not to provide the board with jurisdiction over an attempted appeal from the denial of a promotion.

Appellants advance the argument that an appeal to the board is proper under R.C. 124.03(A) because, appellants contend, they were wrongfully denied assignment to a higher position. Implicit in appellants' argument is the notion that the terms "assignment" or "reassignment" are synonymous with the term "promotion."

Ohio Adm.Code 124–1–02(P) defines "promotion" as " * * * the appointment of an employee to a different position which is assigned a higher pay range than his previous position." Ohio Adm.Code 124–1–02(Q) defines "reassignment" as " * * * the act of assigning an employee to a different classification." Whereas a promotion entails an appointment to a different position with higher pay and involves additional or different job duties, a reassignment does not contemplate a change in job duties and, by definition, does not carry a higher pay range. Accordingly, the terms "assignment" and "reassignment" are not synonymous with the term "promotion" for purposes of R.C. 124.03.

Based upon the foregoing, appellants' first assignment of error is overruled.

■ Under their second assignment of error, appellants assert that the decision of the board is not supported by substantial, reliable, or probative evidence. Appellants argue that in the present case the board, without any factual support from the record, made unfounded assumptions that a promotional examination was neither given nor required. Thus appellants maintain that they were entitled to an evidentiary hearing before the board.

Based upon the record before this court, we cannot say that the decision of the board was unsupported by the evidence. The record indicates that following ODOT's filing of motions to dismiss appellants' appeals, accompanied by supporting affidavits, appellants failed to make any response to these motions. Further, upon appellants' subsequent filing of objections to the hearing examiner's report, appellants again failed to proffer evidence which would rebut the findings of the examiner. Ohio Adm.Code 124–11–07(A)(2) provides, in part, that following the filing of a motion to dismiss " * * * [a]n adverse party's response, by affidavit or otherwise, shall set forth specific facts showing there is a genuine issue in dispute." Inasmuch as appellants failed to provide any credible evidence to controvert the assumptions and conclusions of the board, appellants' argument is not well-taken.

Appellants' second assignment of error is without merit and is hereby overruled.

Accordingly, both assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY, P.J., and MARTIN, J., concur.

JOHN D. MARTIN, J., of the Fairfield County Court of Common Pleas, sitting by assignment.