In re APPEAL OF POLICE LIEUTENANT Wayne HOWARD regarding the promotion process for the ranks of Captain and Chief in the Gahanna Police Department, which process was affirmed by a decision of Gahanna Civil Service Commission on June 5, 1990.

[Cite as *In re Appeal of Howard* (1991), 73 Ohio App.3d 717.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–1253.

Decided July 9, 1991.

*Richard A. Cline,* for appellant.

*Porter, Wright, Morris & Arthur, D. Michael Miller* and *Christopher C. Russell,* for appellee.

WHITESIDE, Judge.

This is an appeal by Police Lieutenant Wayne Howard from a judgment of the Franklin County Court of Common Pleas dismissing his appeal from the Gahanna Civil Service Commission for the reason that the matter appealed from is not appealable pursuant to R.C. 2506.01. In support of his appeal, appellant raises a single assignment of error as follows:

"The court below erred when it ruled that it lacked subject-matter jurisdiction under Chapter 2506, Ohio Revised Code, to hear Lt. Howard's appeal of the decision of the Gahanna Civil Service Commission, after a hearing in executive session, to deny Lt. Howard's challenge to the police promotion process."

The Gahanna Civil Service Commission conducted a test for the rank of chief of police in which appellant participated and achieved the highest score. Subsequently, the commission conducted an examination for the rank of captain of police and again appellant participated and received the highest score.

Notwithstanding appellant's having received the highest score on both examinations, another person was appointed chief of police after the commission lowered the minimum passing score and a different person was appointed captain of police after the commission again lowered the minimum passing score. Neither of the appointees had achieved a minimum passing score on

the examination taken for the position to which he was promoted before the scores were lowered.

Appellant sought administrative review of the process before the Gahanna Civil Service Commission, which met in executive session and conducted a hearing upon the issues raised by appellant at which appellant was present and presented evidence and arguments to support his position. The commission then issued its "decision" denying appellant's challenge to the police promotion process. It is from this "decision" that appellant attempted to appeal to the common pleas court pursuant to R.C. 2506.01.

The "decision" relied upon by appellant as constituting an appealable order consists of a letter addressed to his attorney from two members of the Gahanna Civil Service Commission. The letter states that " * * * the Civil Service Commission conducted an investigation of the process by which candidates were selected * * *." In short, it is the position of the appellee, civil service commission, that it conducted an investigation, not an adjudication. The trial court, in finding there had been no adjudication, relied upon what had occurred rather than what should have occurred, stating: " * * * According to the facts, there has not been a quasi-judicial proceeding from which Lt. Howard can appeal. No notice of the investigation was given a duction [*sic*] of evidence. * * * Lt. Howard states that no testimony was given in connection with the promotion process. * * * There is no transcript of the investigation."

Whether there is an adjudication depends not upon what the administrative agency actually did, but rather upon what the administrative agency should have done. Where the administrative agency should have given notice, conducted a hearing and afforded the parties an opportunity to be heard and to introduce evidence, the order is the result of an adjudication even if the administrative agency fails to afford such notice and hearing.

Whether a proceeding is a quasi-judicial proceeding from which an appeal may be taken under R.C. 2506.01 depends upon the requirements imposed upon the administrative agency by law. Thus, as stated in the second paragraph of the syllabus of *M.J. Kelly Co. v. Cleveland* (1972), 32 Ohio St.2d 150, 61 O.O.2d 394, 290 N.E.2d 562, "[p]roceedings of administrative officers and agencies are not quasi-judicial where there is *no requirement* for notice, hearing and the opportunity for introduction of evidence." (Emphasis added.) In other words, the question is whether there is a requirement for notice and hearing, not whether the administrative agency complied with such requirement. The question is one of law not of fact. An administrative agency's giving notice, conducting a hearing and allowing evidence to be presented does not create a right of appeal under R.C. 2506.01 where the proceedings

are not quasi-judicial in nature requiring notice, hearing and the opportunity for introduction of evidence.

■ The focus must be upon the nature of the proceedings before the civil service commission, not how such proceedings were conducted by the commission. Section 11.01 of the Gahanna City Charter provides for the establishment of a civil service commission either when established by ordinance or upon the municipality becoming a city, which Gahanna now is. That section of the charter further provides that "[t]he provisions of the laws of Ohio regarding selection, promotion, demotion, discipline, and removal shall be applicable except as otherwise provided by ordinance or this Charter."

Although appellant has attached to his brief a copy of ordinance No. 40–70, apparently adopted December 10, 1970, that ordinance has no provision which would be in apparent conflict with state law regarding the issues before us. However, appellant has pointed to no provision of state law which would entitle him to notice, hearing and opportunity to be heard before the Gahanna Civil Service Commission with respect to the complaint that he made as to the establishment of the eligible list and the appointment therefrom. Arguably, the appointing authority may have had a mandatory duty to promote the person having the highest rating on the eligible list. However, failure to do so does not involve a quasi-judicial proceeding. R.C. 124.56 does provide that:

"When * * * a municipal * * * civil service commission has reason to believe that any officer * * * having the power of appointment * * * has abused such power by making an appointment * * * of an employee under his or their jurisdiction in violation of this chapter of the Revised Code, the * * * commission shall make an investigation, and if it finds that a violation of this chapter, or the intent and spirit of this chapter has occurred, it shall make a report to the * * * mayor or other chief appointing authority, * * * who may remove forthwith such guilty officer * * *."

An opportunity to be heard is given to the officer to be removed prior to the removal. We held in *Singh v. State* (1982), 7 Ohio App.3d 269, 7 OBR 349, 455 N.E.2d 522, that the complainant who initiates the investigation under R.C. 124.56 has no right to be heard and no right of appeal. The proceedings herein appear to have been an investigation within the contemplation of R.C. 124.56. As in *Singh*, we hold herein there is no right of appeal by the complainant from the results of the investigation. Therefore, appellant had no remedy of appeal pursuant to R.C. 2506.01 and the proceedings were administrative rather than quasi-judicial in nature. The assignment of error is not well taken.

For the foregoing reasons, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BOWMAN, P.J., and JOHN C. YOUNG, J., concur.