OPINION
Plaintiff-appellant, Joseph M. Sebest, appeals from the decision of the Mahoning County Court of Common Pleas affirming defendant-appellee's, the Campbell City School District Board of Education's, decision to terminate appellant's employment.
Appellee and appellant entered into a contract on March 25, 1999, whereby appellant filled a vacancy as the school district's treasurer left by the prior treasurer's resignation. The contact was for a term beginning on April 6, 1999 and continuing until appellee's January 2000 organizational meeting. Per the contract terms, appellant was to earn an annual salary of $48,000. The contract provided that if a renewal contract was adopted, appellant's "annual salary will be negotiated for each year of the contract and may be increased by action of the Board of Education at any time as per Ohio Revised Code 3313.24."
At appellee's organizational meeting on January 11, 2000, appellee decided to grant appellant a two-year probationary contract with compensation and benefits to be determined at a later date. Appellee offered appellant the new contract on January 31, 2000. The contract provided that appellee would pay appellant a salary of $44,000 per year plus benefits for a probationary term of two years. Appellant signed a statement that acknowledged his receipt of the contract offer and that he had two weeks within which to sign the contract and return it to appellee. Appellant did not sign the new contract. Instead, appellant's counsel sent a letter to appellee stating that appellee's action in submitting the new contract to appellant was invalid in light of R.C.3313.22 and requesting that appellee honor the terms of appellant's first contract with appellee so that he would continue in the position of treasurer at an annual salary of $48,000.
Appellee held a special meeting on February 22, 2000, at which time it adopted resolution #2000-45. Resolution #2000-45 stated that in light of the fact that appellant declined appellee's contract offer, appellee rescinded its offer. Resolution #2000-45 also declared that appellant's employment as treasurer had expired as of the organizational meeting of January 11, 2000. Finally, the resolution provided that appellee would pay appellant at a daily rate based on an annual salary of $44,000 for the days he actually worked from January 12, 2000 through February 15, 2000 when he declined employment. From this decision appellant appealed to the Mahoning County Court of Common Pleas.
The common pleas court affirmed appellee's decision on November 22, 2000. The present appeal followed. The Ohio Association of School Business Officials filed an amicus curiae brief on behalf of appellant. The Ohio School Boards Association filed an amicus curiae brief in support of appellee.
R.C. 2506.01 provides for appeals from decisions of agencies of political subdivisions, including school boards. In order for a decision to be appealed under R.C. 2506.01 the decision must be rendered in a quasi-judicial proceeding. Lakota Loc. School Dist. Bd. of Edn. v.Brickner (1996), 108 Ohio App.3d 637, 644. A quasi-judicial proceeding is earmarked by the requirement of notice, a hearing, and an opportunity to present evidence. Id. The Sixth District Court of Appeals noted the requirements for proceeding with an appeal under R.C. 2506.01 in In reAppeal of Howard (1991), 73 Ohio App.3d 717, 719, stating that:
 "Whether a proceeding is a quasi-judicial proceeding from which an appeal may be taken under R.C. 2506.01
depends upon the requirements imposed upon the administrative agency by law. * * * In other words, the question is whether there is a requirement for notice and hearing, not whether the administrative agency complied with such requirement. The question is one of law not of fact."
Appellee did not provide appellant with notice and a hearing at the administrative level. Appellant raises this issue as his third assignment of error. Whether this court has jurisdiction to hear appellant's appeal depends on whether appellee should have provided appellant with notice and a hearing at the administrative level. If appellee should have provided appellant with notice and a hearing, then appellant's appeal is proper. If notice and a hearing were not required at the administrative level, then appellant has no ground on which to appeal since the original decision he is appealing from would not have been rendered in a quasi-judicial proceeding. Accordingly, we will address appellant's third assignment of error first.
Appellant's third assignment of error states:
 "THE TERMINATION OF JOSEPH SEBEST WITHOUT NOTICE AND A HEARING WAS UNCONSTITUTIONAL AND SHOULD HAVE BEEN REVERSED."
Appellant argues that appellee should have provided him with notice and a hearing before his discharge. He claims that he had a property interest in his job that entitled him to notice and a hearing before appellee could terminate his employment. Appellant makes two different claims as to why he had a property interest in his job. First, he argues that since appellee did not notify him in October that it would not be renewing his contract in January, the contract automatically renewed for a two-year term in accordance with R.C. 3313.22. Second, appellant argues that although his contract expired as of the January 11, 2000, organizational meeting, appellee re-elected appellant at that meeting for a two-year term. Appellant continued to perform his duties as treasurer until February 15, 2000, when he turned down the new contract. As support for appellant's claim that he had a property interest in his job, he cites to R.C. 3313.22, which states that a treasurer may be removed at any time "for cause" by a two-thirds majority of the board of education. Appellant states that a public employee who can only be discharged for cause has a property interest in his job, which entitles him to procedural due process consisting of notice and a hearing.
Whether appellant was entitled to notice and a hearing depends on whether he had a property interest in his job as treasurer. "Before the state may deprive a person of a property interest, it must provide procedural due process consisting of notice and a meaningful opportunity to be heard." Ohio Assn. of Pub. School Emp., AFSCME, AFL-CIO v. LakewoodCity School Dist. Bd. of Edn. (1994), 68 Ohio St.3d 175, 176, citingCleveland Bd. of Edn. v. Loudermill (1985), 470 U.S. 532. A public employee has a property interest in his employment, thus entitling him to procedural due process, if he can be terminated only for cause. Kenney v.South Range Loc. School Dist. Bd. of Edn. (Mar. 23, 1983), 7th Dist. No. 82-CA-35.
Appellant argues that appellee could only fire him for cause because the language of R.C. 3313.22 governed his contract. R.C. 3313.22 states that the treasurer serving a two or four-year term may be terminated "at any time for cause." On the other hand, appellee argues that by the express terms of appellant's contract, his contract expired at the organizational meeting on January 11, 2000, and it never rehired appellant for a new term.
The contract provides in pertinent part:
 "The said Board of Education, pursuant to motion duly adopted and in accordance with the provisions of Revised Code 3313.22 hereby employs the said Joseph M. Sebest as Treasurer for a one (1) year probationary term beginning on April 6, 1999 through the Organizational Meeting in January of 2000.
"* * *
 "The said Treasurer agrees to enter into this contract of employment for the above designated term, and to diligently and faithfully perform his duties as Treasurer in accordance with the law for the above designated term or until such time as his contract may be terminated as prescribed by law."
R.C. 3313.22 provides in pertinent part:
 "Except as otherwise provided in division (E) of section 3311.19 of the Revised Code, the board of education of each city, local, exempted village, and joint vocational school district at an organizational meeting shall elect a treasurer who may not be a member of the board or otherwise regularly employed by the board. * * *.
 "The treasurer shall initially serve for a two-year probationary term and thereafter, if reappointed, shall serve for a four-year term. Such treasurer may be removed at any time for cause by a two-thirds vote of the entire board. * * *.
 "* * * A board of education that does not intend to reappoint its treasurer, either after the treasurer's probationary term or after a four-year term, shall give such treasurer written notification of the board's intention not later than the first regularly scheduled board meeting of October. If the board does not give such notice by the specified date, the treasurer is considered reemployed for a four-year term at a salary determined by the board at its first organizational meeting in January."
The parties appear to agree that appellant's original contract ended on January 11, 2000. The question that we must determine is whether appellant's contract automatically renewed on that date, whether appellee reemployed appellant to a two-year term on that date, or whether appellant was simply employed as a per diem treasurer from that date.
It is clear that appellant's contract did not automatically renew due to appellee failing to give him notice of non-renewal. R.C. 3313.22
provides for the notice of non-renewal requirement when the treasurer is serving a two-year probationary term or a four-year term. Appellant's original contract was not for a two-year probationary term or a four-year term. Appellee hired appellant as an interim treasurer for a term of approximately nine months. Although R.C. 3313.22 does not provide for an interim treasurer, appellee had the authority to appoint appellant as such. R.C. 3313.22 provides that the school board "at an organizational meeting" shall elect a treasurer to serve for a two-year probationary term or a four-year term. R.C. 3313.14 provides that the school board shall hold their organizational meeting during the first fifteen days of January each year. When read together, R.C. 3313.22 and R.C. 3313.14
provide that the treasurer, who will serve either a two-year probationary term or a four-year term, shall be elected at the January organizational meeting. Since appellant's predecessor as treasurer resigned mid-term, appellee was forced to appoint an interim treasurer to serve until their next organizational meeting, which occurred on January 11, 2000. An Ohio Attorney General's Opinion also supports appellee's authority to appoint an interim treasurer. It states:
"The question you have presented for my opinion is simply whether the clerk [treasurer] can be appointed for a term less than the initial two-year probationary term. I find nothing in the legislative history of this statute to indicate that the legislature intended that a clerk [treasurer] could not be appointed for a period less than the two-year probationary term. It is clear, however, that before appointment to a four-year term the clerk [treasuer] must serve a full two-year probationary term.
"Accordingly, it is my opinion and you are hereby advised that the board of education of a local school district may appoint a clerk [treasurer] to serve a term less than the two-year probationary term provided for in Section 3113.22, Revised Code[.]" OAG 70-075.
Because appellant was not employed to a two-year probationary term or a four-year term, R.C. 3313.22's notice of non-renewal requirement does not apply to him. Thus, if appellee reemployed appellant to a two-year probationary term at the January 11, 2000 meeting, appellant acquired a property interest in his employment; if appellee did not rehire appellant as of that date, he had no property interest in his employment.
The minutes of appellee's February 22, 2000 meeting reveal that resolution #2000-45 stated "on January 11, 2000, at its organizational meeting, the Board adopted Resolution #2000-16 determining to grant Joseph M. Sebest a two-year probationary contract as Treasurer with compensation and benefits to be determined at a later date." However, appellant never accepted the two-year contract. Instead, he refused to sign the contract and instituted the present lawsuit. Consequently, the parties never entered into a new contract. Thus, appellant's employment merely expired; appellee never actually dismissed him. An employer cannot fire someone it did not hire in the first place. Had appellant accepted the contract, he would have been covered by R.C. 3313.22 and its protections.
Since the parties never entered into a new contract, appellant never acquired a property interest in his continued public employment. Accordingly, appellant was not entitled to the procedural due process requirements of notice and a hearing.
Given that appellant was not entitled to notice and a hearing, he was not entitled to appeal from appellee's decision because the decision was not rendered in what should have been a quasi-judicial proceeding. Thus, the trial court was without jurisdiction to render a decision.
Accordingly, appellant's appeal is moot. Thus, this court is without jurisdiction to rule on the merits of appellant's first two assignments of error, which state:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO CONDUCT A HEARING ON THE MERITS OF SEBEST'S APPEAL."
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY AFFIRMING THE BOARD OF EDUCATION'S DISCHARGE OF SEBEST FOR OBJECTING TO ITS UNLAWFUL AND UNREASONABLE REDUCTION OF HIS SALARY."
For the reasons stated above, the decision of the trial court is hereby vacated and the appeal is dismissed.
Vukovich, J., concurs
Waite, J., concurs