DECISION. *Page 2 
{¶ 1} Plaintiff-appellee James L. Inman is a firefighter in the Cincinnati Fire Department. Defendant-appellant Civil Service Commission is an independent commission for the city of Cincinnati, charged by state statutes and the city's charter with oversight and operation of the civil service in Cincinnati.
 {¶ 2} Inman took a promotional examination for the position of Cincinnati fire lieutenant in November 2005. Later, Inman complained to the commission that the procedures used for creating the exam and revising the answer key after a gripe session were improper. Inman, however, did not appeal the grading of his promotional exam under Cincinnati Civil Service Rule 17, Section 2.
 {¶ 3} The commission determined that the procedures were proper. Inman then "appealed" that decision to the Hamilton County Court of Common Pleas. He claimed to be appealing "the decision of the Commission, in that the process followed in the oversight, administration, grading and posting of Exam 05-35 violates the Ohio Constitution and the Ohio Revised Code, including, but not limited to R.C. 124.45." Again, he did not appeal the actual grading of his exam.
 {¶ 4} The trial court reversed the commission's decision on nonconstitutional grounds and ordered that the lieutenant's list be held invalid and that a new promotional exam be given or that the promotional exam be regraded as originally given. Moreover, the court ordered that the city promote Inman to the next available position in the rank of lieutenant and that, upon promotion, the city credit him with time, grade, and seniority equal to those of the last lieutenant promoted prior to the date of the court's order. *Page 3 
 {¶ 5} The trial court stayed its decision pending appeal. Inman moved to enjoin the city from certifying the promotion list 05-35 during this appeal. The trial court granted the injunction. This court denied the city's request for a stay and denied a motion to intervene filed by other firefighters on the promotion list.
 {¶ 6} In its assignments of error, the city argues that the trial court erred by finding in favor of Inman and that the court exceeded its authority by ordering Inman's promotion and enjoining the city from using promotion list 05-35. We find merit to the assigned errors, as the trial court lacked subject-matter jurisdiction to entertain Inman's "appeal" of the commission's decision.
 {¶ 7} By Inman's own admission in this appeal, the relief that he requested from the commission was an investigation into the procedures and methodology used for creating, grading, and modifying the exam for promotion list 05-35. The commission's investigation for official abuse was authorized by Cincinnati Civil Service Commission Rule 2, Section 4. This section does not provide the employee requesting an investigation with the right to an evidentiary hearing before the commission. Nor does it provide the employee with the right to appeal from the result of the commission's investigation.[1] Moreover, because the commission's consideration of Inman's complaint was administrative rather than quasi-judicial in nature, Inman had no right of appeal pursuant to R.C. 2506.01.[2] Thus, the trial court lacked subject-matter jurisdiction to entertain Inman's "appeal."[3] *Page 4 
 {¶ 8} Accordingly, we sustain the assignments of error, reverse the trial court's decision in its entirety, and remand the case for the entry of an order dismissing the appeal from the commission's decision.
Judgment reversed and cause remanded.
PAINTER, P.J., and HENDON, J., concur.
[1] See State ex rel. Carver v. Hull, 70 Ohio St.3d 570, 575,1994-Ohio-449, 639 N.E.2d 1175; In re Appeal of Howard (1991),73 Ohio App.3d 717, 720, 598 N.E.2d 165 (interpreting R.C. 124.56, an analogous statutory counterpart).
[2] Howard at 720.
[3] Id. *Page 1